IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLIFTON CLARK,

    Plaintiff,

v.                                                                  CASE NO. 4:17-cv-494-MW-GRJ

JESSI CHUNN,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate presently confined at Hamilton Correctional Institution, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court granted Plaintiff leave to proceed as a pauper. (ECF No. 7.) Plaintiff's complaint, which stems from alleged retaliation by Sergeant Chunn, is now before the Court for screening pursuant to 28 U.S.C. § 1915A.

Plaintiff executed the complaint under penalty of perjury. (ECF No. 1 at 11.) The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits,

including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (*including habeas corpus petitions*), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." (*Id.* at 2–3.) The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*Id.* at 2.) In response to these questions, Plaintiff affirmatively represented that he had filed *no* prior state or federal cases. (*Id.* at 2–3.)

A review of the Court's PACER Case Locator reflects that, contrary to his sworn representations in the complaint, Plaintiff filed at least three additional actions in federal district court while he has been incarcerated. *See Clark v. Moore*, No. 3:96-cv-1279-HES, ECF Nos. 65–66 (M.D. Fla. Mar. 24, 1999) (dismissing with prejudice Plaintiff's petition for writ of habeas corpus under 28 U.S.C. § 2254); *Clark v. Moore*, No. 3:01-cv-249-HLA, ECF Nos. 3–4 (M.D. Fla. Mar. 14, 2001) (dismissing without prejudice

Plaintiff's petition for writ of habeas corpus under § 2254 for failing to obtain leave from the Eleventh Circuit to file a second or successive petition); *Clark v. Sec'y, Fla. Dep't of Corr.*, No. 3:04-cv-336-UA, ECF Nos. 2–3 (M.D. Fla. May 13, 2004) (dismissing without prejudice Plaintiff's petition for writ of habeas corpus under § 2254 for failing to obtain leave from the Eleventh Circuit to file a second or successive petition).[1] The Court confirmed that the petitioner in these cases is the same as the plaintiff in this case, having been identified by his FDOC inmate number (297398).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a

---

[1] Case No. 3:04-cv-336-UA appears to have been filed by counsel on behalf of Plaintiff. PACER also reflects that Plaintiff filed an unsuccessful application for leave to file a second or successive habeas corpus petition in the Eleventh Circuit, which Plaintiff also failed to disclose this application on his instant civil right complaint form. *See* No. 3:04-cv-336-UA, ECF No. 4.

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*. In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL

1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal. (ECF No. 13.) Plaintiff responded, representing that the three cases the Court identified were not considered strikes under the PLRA, were filed more than a decade ago, were not prior lawsuits because they were petitions for writ of habeas corpus, and therefore did not involve any claims or issues raised in the instant complaint. (ECF No. 16.)

The form, however, clearly asks whether the litigant initiated any other actions, including habeas corpus petitions. The form also does not

require the litigant to only disclose those actions that were dismissed as frivolous or malicious and therefore count as a "strike" under the PLRA. Nor does the form only require disclosure of prior actions filed within a certain time frame. Nevertheless, even assuming Plaintiff misunderstood the form, misunderstanding the form does not excuse Plaintiff's misrepresentations, particularly in light of the clear instructions on the form requiring Plaintiff to disclose any cases about which Plaintiff is unsure. *See Redmon*, 2011 WL 576601, at *4. Furthermore, upon review of the instant complaint the Court finds that Plaintiff will not be prejudiced by the imposition of dismissal as a sanction.

The undersigned therefore concludes that dismissal of this case without prejudice as malicious for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor. The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice**

as malicious for abuse of the judicial process pursuant to 28 U.S.C. § 1915A(b).

**IN CHAMBERS** this 24th day of April 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.